### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JIMMIE JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-20-704-D |
| | ) |
| BRYAN LOUTZENHISER and | ) |
| GARY KOCH TRUCKING, INC., | ) |
| | ) |
| Defendants. | ) |

### ORDER

Defendant Gary Koch Trucking, Inc. ("GKT") brings before the Court a Partial Motion to Dismiss [Doc. No. 8] seeking dismissal of Plaintiff's negligent entrustment claim pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has filed a Response in Opposition [Doc. No. 13] and Defendant has replied [Doc. No. 14]. The matter is now at issue.

### BACKGROUND

Plaintiff filed a Petition [Doc. No. 1-2] in Oklahoma state court alleging that he was injured as a result of a vehicle collision involving Defendant Loutzenhiser, who is an employee of GKT and was driving a semitruck owned by GKT. *See* Petition at ¶¶ 6-8. In addition to a negligence claim against Defendant Loutzenhiser, Plaintiff also raised a direct negligence claim against GKT for "entrust[ing] the vehicle to Defendant Loutzenhiser at a time when [GKT] knew or should have known that Defendant Loutzenhiser was not was not [sic] a careful, competent, or safe driver." *See Id.* GKT removed the action based on

diversity jurisdiction [Doc. No. 1] and now seeks dismissal of Plaintiff's negligent entrustment claim, arguing that Plaintiff has failed to meet the federal pleading standard.[1]

## STANDARD OF DECISION

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a pleading "does not need detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The burden is on the plaintiff to plead factual allegations that "raise a right to relief above the speculative level." *Id.*

## DISCUSSION

A "claim for negligent entrustment exists when a person who owns or has possession and control of an automobile allows another driver to operate the automobile when the person knows or reasonably should know that the other driver is careless, reckless and incompetent, and an injury results therefrom." *Green v. Harris*, 70 P.3d 866, 868 (Okla.

---

[1] GKT's Partial Motion to Dismiss also seeks dismissal of any negligent hiring/retention/training/supervision claims brought by Plaintiff. However, Plaintiff conceded in his Response that he did not plead a negligent hiring/retention/training/supervision claim and is only asserting claims against GKT based on respondeat superior liability and negligent entrustment. Accordingly, GKT's request to dismiss Plaintiff's negligent hiring/retention/training/supervision claim with prejudice is moot.

2003). Knowledge of the driver's incompetence is a necessary component of a negligent entrustment claim. *Id.*; *see also Sheffer v. Carolina Forge Co.*, 306 P.3d 544, 548 (Okla. 2013).

Here, Plaintiff asserts that GKT "knew or should have known Defendant Loutzenhiser was not was not [sic] a careful, competent, or safe driver" and that GKT failed to exercise "ordinary prudence…in making a determination regarding Defendant Loutzenhiser's competence to operate a motor vehicle." *See* Petition at ¶¶ 8. These are, however, merely "labels and conclusions" that will not suffice to state a claim. *Twombly*, 550 U.S. at 555. Setting aside these conclusory allegations, Plaintiff has failed to plead any factual content showing that GKT had prior knowledge that Defendant Loutzenhiser was a careless, reckless, or incompetent driver. Because Plaintiff has not alleged any facts related to GKT's knowledge of the driver's incompetence, Plaintiff has failed to adequately plead a claim for negligent entrustment and the partial motion to dismiss must be granted.

Having determined that dismissal of the negligent entrustment claim is warranted, the Court must consider whether Plaintiff should be granted leave to amend to correct the noted deficiencies. "'Ideally, if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.'" *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994) (quoting 6 C. Wright & A. Miller, Federal Practice & Procedure, § 1483, at 587 (2d ed. 1990)). However, leave to amend is not automatic and may be properly denied where an amendment would be futile. *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2004).

In this case, the Court concludes that the deficiencies are capable of being cured by amendment. In his Response, Plaintiff argues that there is a factual basis for alleging that GKT had prior knowledge of the driver's incompetence and seeks leave to allege these facts. At this stage, the Court cannot conclude that an amendment would be futile and Plaintiff is therefore authorized to file an amended complaint.

## CONCLUSION

As detailed above, Plaintiff has failed to state a claim for negligent entrustment against Defendant GKT.

**IT IS THEREFORE ORDERED** that Defendants' Partial Motion to Dismiss [Doc. No. 8] is **GRANTED**. Plaintiff's negligent entrustment claim is dismissed without prejudice. Plaintiff's request for leave to amend is also **GRANTED**. Plaintiff's amended complaint shall be filed no later than 14 days from the date of this Order. Defendant's response shall be filed in accordance with the deadline established by the Federal Rules of Civil Procedure.

**IT IS SO ORDERED** this 11th day of December, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge